## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

COREY D. STOGLIN,
                Appellant,

        v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
CH-3330-17-0501-I-1

DATE: January 31, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Corey D. Stoglin</u>, Minneapolis, Minnesota, pro se.

<u>Martin A. Gold</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his appeal under the Veterans Employment Opportunities Act of 1998 (VEOA) and dismissed his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(USERRA) for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the finding that the appellant is not entitled to corrective action under VEOA, VACATE the jurisdictional dismissal of the appellant's USERRA claim, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant, a 30% disabled preference-eligible veteran, is employed as a GS-12 Equal Opportunity Specialist. Initial Appeal File (IAF), Tab 6 at 8, 10, Tab 10 at 21. On October 19, 2016, the appellant applied under vacancy announcement AG OASCR-2016-0292 for the GS-14 Equal Opportunity Specialist (Team Lead) position. IAF, Tab 10 at 10, 26-30. On or around February 1, 2017, the appellant learned that the agency did not select him for the position. IAF, Tab 6 at 4, 40. He requested that the agency reconsider its determination. *Id*. at 40. The agency reevaluated his application and affirmed its determination on February 7, 2017. *Id*. at 40-41.

¶3 On June 29, 2017, the appellant filed a complaint with the Department of Labor (DOL), alleging that the agency violated his veterans' preference rights. IAF, Tab 1 at 6. On July 20, 2017, DOL closed the appellant's complaint, determining that the evidence did not support his allegation that the agency violated his veterans' preference rights. *Id*. at 7-8. On August 5, 2017, the appellant filed the instant Board appeal. IAF, Tab 1.

¶4 The administrative judge issued an order informing the appellant of the criteria required to meet his burden of proving jurisdiction over his appeal, including the exhaustion and timeliness prerequisites that must be fulfilled to pursue a VEOA claim with the Board. IAF, Tab 4 at 1-6. In his response, the appellant reiterated his belief that the agency violated his rights under a statute or regulation relating to veterans' preference and raised a claim that the agency may have violated USERRA. IAF, Tab 6 at 4-7. The agency moved to dismiss the

appeal on the grounds that the appellant's DOL complaint was untimely filed and equitable tolling was inapplicable. IAF, Tab 9 at 9-11.

¶5        Without holding the appellant's requested hearing, the administrative judge issued an initial decision that denied the appellant's request for corrective action under VEOA, finding that he did not file his VEOA complaint with the Secretary of Labor within 60 days of the alleged violation, as required by statute, and failed to provide a basis for the 60-day deadline to be equitably tolled. IAF, Tab 12, Initial Decision (ID) at 4-7. He also dismissed the appellant's USERRA claim for lack of jurisdiction. ID at 7-8.

¶6        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1 at 4. The agency has filed a response to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly denied the appellant's claim for corrective action under VEOA.

¶7        Under VEOA, a preference eligible who alleges that an agency violated his or her rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor. 5 U.S.C. § 3330a(a)(1)(A). Such a complaint "must be filed within 60 days after the date of the alleged violation." 5 U.S.C. § 3330a(a)(2)(A). The 60-day deadline is not jurisdictional; rather, it is similar to a statute of limitations that is subject to equitable tolling. *Kirkendall v. Department of the Army*, 479 F.3d 830, 842-43 (Fed. Cir. 2007); *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 12 (2016). The U.S. Supreme Court has explained that Federal courts have typically applied equitable relief only sparingly and that it is allowed only in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014). When, as here, the appellant failed to

timely file a VEOA complaint with the Secretary of Labor and did not establish grounds for equitable tolling, the Board must deny the request for corrective action. *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 13 (2009).

¶8 It is undisputed that the appellant did not timely file his VEOA complaint with the Secretary of Labor.[2] IAF, Tab 6 at 4. There is neither argument nor evidence that the appellant filed a defective complaint within the statutory period.[3] The appellant argues on review, however, that the agency engaged in "trickery" when it provided incomplete facts and denied knowledge of his equal employment opportunity (EEO) activity. IAF, Tab 9 at 11; PFR File, Tab 1 at 4-5. While the agency has acknowledged that it incorrectly wrote in its response below that the appellant had not filed an EEO complaint, PFR File, Tab 3 at 6, he does not explain how the agency's action provides a basis for the 60-day deadline to be equitably tolled. Because the agency's misstatement occurred after the filing deadline already had passed, he could not have been induced or tricked into missing the deadline by the agency's misstatement. *See Hayes v. Department of the Army*, 111 M.S.P.R. 41, ¶ 11 (2009). Thus, it appears

---

[2] The record shows that the agency notified the appellant of his nonselection on or around February 1, 2017, and then reaffirmed its decision on February 7, 2017, in response to his request for reconsideration. IAF, Tab 6 at 40-41. The appellant did not file a complaint with the DOL until June 29, 2017. *Id.* at 108. Thus, the filing of the appellant's VEOA complaint with the Secretary of Labor was well beyond the statutory deadline outlined in 5 U.S.C. § 3330a(a)(2)(A). It occurred more than 60 days from the date of the alleged violation.

[3] A defective pleading is one that does not satisfy the criteria for such a pleading but nevertheless manifests an intention for it to serve as such a pleading. *See Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 18 n.5 (2012); *Greco v. Department of Homeland Security*, 110 M.S.P.R. 135, ¶ 8 (2008). For instance, the appellant's pursuit of his remedies in the wrong forum within the limitations period may qualify as a defective pleading. *See Irwin*, 498 U.S. at 96 n.3; *Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶ 14 (2009). While the appellant has alleged that he initiated an EEO complaint on March 13, 2017, there is no evidence that this complaint amounted to a defective pleading that he intended to file with DOL. IAF, Tab 6 at 4; *see Brown*, 110 M.S.P.R. 381, ¶ 13. He does not proffer the EEO complaint or show that his EEO complaint encompassed a veterans' preference claim. *Id.*

that the appellant's failure to file a timely complaint with DOL was the result of his own lack of due diligence in preserving his legal rights, which is not grounds for equitable tolling. *Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶ 12 (2009).

¶9 We have considered the appellant's allegation that he was wrongly denied a hearing. PFR File, Tab 1 at 3. A VEOA complainant does not have an unconditional right to a hearing before the Board, and the Board may dispose of a VEOA appeal on the merits without a hearing. *Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 13 (2009). Disposition of a VEOA appeal without a hearing is appropriate when, as here, there is no genuine dispute of material fact and one party must prevail as a matter of law. *Id.*

¶10 We also decline to consider any argument or evidence that the appellant submits for the first time on review because he has failed to show that it was unavailable, despite his due diligence, when the record closed. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).

The administrative judge did not issue proper *Burgess* notice for the appellant's USERRA claim.

¶11 Under USERRA, the Board has jurisdiction over a person alleging discrimination in Federal employment on account of prior military service or military obligations. 38 U.S.C. §§ 4311(a), 4324(b)(1); *Henderson v. U.S. Postal Service*, 95 M.S.P.R. 454, ¶ 5 (2004). USERRA provides, in relevant part, that "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment . . . on the basis of that . . . performance of service . . . ." 38 U.S.C. § 4311(a).

¶12 To establish Board jurisdiction under 38 U.S.C. § 4311(a), an appellant must nonfrivolously allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of

employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010). A claim of discrimination under USERRA should be broadly and liberally construed to determine whether it is nonfrivolous, particularly when, as here, the appellant is pro se. *Id*. The weakness of the assertions in support of a claim is not a basis to dismiss the USERRA appeal for lack of jurisdiction; rather, if the appellant fails to develop his contentions, his USERRA claim should be denied on the merits. *Id*.

¶13     The appellant argues on review that the administrative judge did not correctly adjudicate the USERRA issue. PFR File, Tab 1 at 4. For the reasons set forth below, we agree.

¶14     Although the appellant raised a USERRA claim in his response to a VEOA jurisdiction order, IAF, Tab 6 at 6-7, the administrative judge did not issue another order apprising the appellant of the showing he was required to make to establish Board jurisdiction over his USERRA claim. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Neither the agency's response nor the initial decision set forth the burdens and elements of proof to establish Board jurisdiction over the USERRA claim. IAF, Tab 9 at 8; ID at 7; *see Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order, or if the initial decision itself put the appellant on notice of what he must do to establish jurisdiction so as to afford him the opportunity to meet his jurisdictional burden for the first time on petition for review).

¶15     Rather, in the initial decision, the administrative judge states that the appellant must make an initial showing that his military obligation was a "substantial or motivating factor" in the agency action—a requirement that does

not arise at the jurisdictional stage. ID at 7-8; *see Lazard v. U.S. Postal Service*, 93 M.S.P.R. 337, ¶ 9 (2003). The administrative judge's determination that the appellant failed to make the requisite initial showing may be relevant to the merits of the USERRA claim, but it does not necessarily preclude a finding of jurisdiction. ID at 7-8; *see Swidecki*, 113 M.S.P.R. 168, ¶¶ 8-9.

¶16 We therefore remand this appeal so that the administrative judge can inform the appellant of his burdens and elements of proof on his USERRA claim, afford him an opportunity to show that his appeal is within the Board's jurisdiction, and, if the appellant makes the requisite showing, adjudicate the claim on the merits.

## ORDER

¶17 For the reasons discussed above, we remand the case to the Central Regional Office for further adjudication in accordance with this Remand Order. The administrative judge should incorporate by reference our analysis and disposition of the appellant's VEOA claim in the new initial decision on the USERRA claim so that the appellant will have a single decision with appropriate notice of appeals rights addressing both of his claims. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).

FOR THE BOARD:                          /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.